UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRIS RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6337** |
| **N. BURL CAIN** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Factual Background

The petitioner, Chris Richardson ("Richardson"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] Richardson filed the captioned petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 conviction for aggravated rape in Livingston Parish. Richardson did not submit his petition on the required form and did not submit a filing fee or an application to proceed *in forma pauperis*.

### II.   Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1 (deficient petition).

Federal Rules of Civil Procedure or any order of the court. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a case, courts have traditionally considered the extent to which the petitioner, rather than his counsel, was responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

Richardson is proceeding without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotes omitted); *Birl*, 660 F.2d at 593.

**III.   <u>Analysis</u>**

As indicated above, Richardson's petition is not on the required form and was submitted without a filing fee or pauper application. By notice dated December 2, 2015, the Clerk of Court

instructed Lewis that he was required to submit the proper habeas petition form and either pay the $5.00 filing fee or complete a certified pauper application.[3]  The Clerk mailed this notice to Richardson at the Louisiana State Penitentiary, the address he provided.  The envelope containing the notice has not been returned as undeliverable.  Richardson did not respond to the notice or provide the required information.

On January 6, 2016, the Court issued an Order requiring Richardson to show cause on or before January 25, 2016, why he failed to comply with the Clerk's notice and provide the required information.[4]  He was advised that the Order would be satisfied if he submitted the proper form and either paid the filing fee or submitted a pauper application.  The Clerk mailed this notice to the petitioner at the Louisiana State Penitentiary, and the envelope has not been returned as undeliverable.  Richardson again has not complied with the Court's order, provided the required information, or otherwise contacted the Court about his petition.

Richardson has failed to correct the deficiencies in his submission after receiving due notice from the Clerk of Court and an Order from this Court.  Accordingly, dismissal with prejudice of his petition is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Richardson's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

---

[3] Rec. Doc. No. 2.

[4] Rec. Doc. No. 3.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 4th day of February, 2016.

                                                **KAREN WELLS ROBY**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.